## UNITED STATES BANKRUPTCY COURT
## WESTERN DIVISION OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-30194 |
| **Charles Evan Selman.** | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## MOTION FOR APPROVAL OF AUCTION MARKETING AGREEMENT AND TO SELL FREE AND CLEAR OF ANY INTERESTS IN PROPERTY

Melanie D. Johnson Raubach, Trustee for the estate of the above captioned Chapter 7 bankruptcy (the "Trustee"), requests the Court enter an order permitting the Trustee to liquidate the Asset (as defined below) owned by the Debtor via online public auction. In support of the relief requested, the Trustee asserts the following:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 105(a), 363(b), 363(f) and 363(m) of Title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rule 6004.

### BACKGROUND

1.      On February 28, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

2.      On the Petition Date, the Debtor owned a 2025 Derette V 1000 Mini Skidsteer, (the "Asset").

2.      The Trustee consulted with Iron Horse Auction Co., Inc. ("Iron Horse") as to the most efficient and lucrative means to sell the Asset.[1]

3.      Iron Horse presented the Trustee with the proposed Auction Marketing Agreement attached as **Exhibit A**.

4.      Lendmark Financial ("Lendmark") was listed as a secured creditor in the Debtor's schedules, with a claim on Schedule D against the Asset.

---

[1] The Court approved the Trustee's retention of Iron Horse on June 11, 2025 [Doc. 29].

5. The Trustee has conducted an investigation of the records relating to the Asset.

6. The Asset was sold to the individual Debtor.

7. Lendmark filed no UCC to secure any interest in the Asset.

8. The Trustee believes that, as of the Petition Date, the Debtor owned the Asset free and clear of any liens.

## RELIEF REQUESTED

9. The Trustee requests the following:

a. Approval of the Auction Marketing Agreement.

b. Authorization to sell the Asset pursuant to the Auction Marketing Agreement free and clear of liens, claims, interests, and encumbrances with any liens, claims, interests, and encumbrances attaching to the proceeds of the sale.

c. That any party submitting the prevailing bid on the Asset be afforded the protections of section 363(m) of the Bankruptcy Code.

d. That the Court waive any stay that would otherwise apply pursuant to Bankruptcy Rule 6004(h)

## BASIS FOR RELIEF REQUESTED

10. In the Trustee's business judgment, liquidating the Asset pursuant to the Auction Marketing Agreement will yield the highest net return to the bankruptcy estate.

11. Iron Horse is experienced and well equipped to handle a sale of the Asset.

12. The Auction Marketing Agreement requires no up-front expenditure of Bankruptcy Estate Asset.

13. "In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test." 3 COLLIER ON BANKRUPTCY ¶ 363.02 (16th 2019). Courts look to various factors to determine whether a sound business justification exists, including: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test); *accord In re Abbots Dairies of Pa., Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification test of *In re Lionel Corp.* standard and adding the "good faith" requirement); *In re Charlotte Commercial Group, Inc.*, 2002 WL

31055241, *3 (Bankr. M.D.N.C. Aug. 12, 2002) (unreported decision by Judge Aron adopting *Lionel* in the Middle District of North Carolina).

14.    A sound business reason exists for the proposed sale in that this is a Chapter 7 bankruptcy requiring liquidation of the estate's Asset.  Selling the Asset pursuant to the Auction Marketing Agreement also ensures the fastest means to eliminate ongoing administrative costs.

15.    The public auction of the Asset will ensure that the sales will be conducted in a fair, open, and competitive manner, and on a level playing field.  Any resulting transactions are in good faith and at arm's length.  Accordingly, any party submitting the prevailing bid on a particular Asset should be considered to have acted in good faith and is entitled to the protections of section 363(m) of the Bankruptcy Code.

16.    Relief from the automatic stay of Bankruptcy Rule 6004(h) is warranted so that this beneficial sale may proceed as quickly as possible thereby reducing administrative costs.

## CONCLUSION

17.    Having considered numerous methods of liquidating the Asset, the Trustee has exercised her business judgment to conclude that the estate will receive the highest net benefit by auctioning the Asset pursuant to the terms of the Auction Marketing Agreement.

18.    Accordingly, the Trustee requests the Court enter an order that:

a.    Approves the Motion;

b.    Approves the Auction Marketing Agreement;

c.    Authorizes the sale of the Asset free and clear of liens, claims, interests, and encumbrances with any liens, claims, interests, and encumbrances that exist attaching to the proceeds of the sale;

d.    Finds that any party submitting the prevailing bid on the Asset be considered to have acted in good faith and is entitled to the protections of section 363(m) of the Bankruptcy Code; and

e.    Waives any stay that would otherwise apply pursuant to Bankruptcy Rule 6004(h).

[Signatures on following page]

Dated: Charlotte, North Carolina
June 23, 2025

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DIVISION OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-30194 |
| **Charles Evan Selman.** | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## <u>NOTICE OF MOTION AND NOTICE OF OPPORTUNITY FOR HEARING</u>

      Melanie D. Johnson Raubach, Trustee, through her attorney, has filed papers with the Court as described above.  A copy of the Motion is attached to this Notice.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).**  If you do not want the Court to grant relief requested in the attached Motion, then on or before 2**1 days from the date of this notice** you or your attorney must file with the Court a written response to the Motion which response must comply with local Bankruptcy Rule 9013-1 at:

      Clerk, United States Bankruptcy Court
      401 W. Trade Street, Suite 2500
      Charlotte, NC 28202

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to:

      Melanie D. Johnson Raubach
      525 North Tryon Street, Suite 1400
      Charlotte, NC 28202

No hearing will be held on this Motion unless a response is timely filed and served, in which case, the Court will conduct a hearing on **July 21, 2025, at 9:30 a.m.**, at the United States Bankruptcy Court, Courtroom 2B, 401 West Trade Street, Charlotte, North Carolina.  No further notice of this hearing will be given.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the requested relief.

Dated:  Charlotte, North Carolina
      June 23, 2025

                    HAMILTON STEPHENS
                    STEELE + MARTIN, PLLC

                    */s/ Melanie D. Johnson Raubach*
                    Melanie D. Johnson Raubach (Bar No. 41929)
                    525 North Tryon Street, Suite 1400
                    Charlotte, NC  28202
                    Telephone: (704) 344-1117
                    Facsimile:  (704) 344-1483
                    mraubach@lawhssm.com

## EXHIBIT A

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

### AUCTION MARKETING AGREEMENT

THIS AGREEMENT is made effective this ___ day of _____, 2025, by and between MELANIE RAUBACH, BANKRUPTCY TRUSTEE OF CHARLES EVAN SELMAN (the "Trustee") in Case # 25-30194 in the United States Bankruptcy Court, Western District of North Carolina; and IRON HORSE AUCTION CO., INC., Professional Auctioneers and Real Estate Brokers of Rockingham, North Carolina, hereinafter called ("Auctioneers"). All the above-identified parties may be collectively referred to herein as the ("Parties").

W I T N E S S E T H

That for and in consideration of FIFTEEN PERCENT (15%) Commission on personal property items that bring $0.00 to $5,000.00, TEN PERCENT (10%) Commission on items that bring $5,000.01 to $15,000.00, FIVE PERCENT (5%) on items that bring $15,000.01 or higher and the Buyer's Premiums described below, the Parties hereby covenant and agree as follows:

1.  That the Auctioneers shall supply a sufficient amount of personnel deemed necessary to properly perform online auctions for the Trustee. Personnel will be provided for asset categorization, catalog creation, item photography, cashiers, inspection periods and item removal periods for the following personal property:

    PERSONAL PROPERTY:   2025 Derette V 1000 Mini Skidsteer, Serial # 24100903

2.  The auction or auctions of the property described in this agreement shall be held online using an Internet Service Provider chosen by the Auctioneers. It shall be in the discretion of the Auctioneers of when to begin, when to end, and how to structure the auction or auctions. Provided, however, that all auctions on this agreement must conclude within 90 days of entry of an order by the United States Bankruptcy Court, Western District of North Carolina approving this agreement.

3.  The auction or auctions described in this agreement shall be subject to extended bidding. Extended bidding means that if there is a bid placed in the last 5 minutes on an individual lot, the auction for that lot will reset for 5 minutes. This will continue until there is a 5-minute period without a bid being placed in the auction. Staggered ending means we will stagger the end times so that ten lots will begin closing every three minutes at the auction ending. Further, the Auctioneers reserve the right to reduce the end time as necessary to administer the auction in the best interest to the Parties and to obtain the maximum value of the auction items.

4.  That all advertising, promotion, and advertising layout will be conducted by AUCTION PROMOTIONS UNLIMITED, the in-house advertising agency of IRON HORSE AUCTION CO., INC. The advertising budget should not exceed $500.00, which is an expense of the Trustee and can be paid from the auction proceeds. A certified accounting of all ads placed shall be provided to the Trustee at the closing.

5.	That the Auctioneers are move the machine to their auction facility and preserve it in saleable condition through the period of sale.

6.	That the Auctioneers shall be responsible only for the payment of the services of other Auctioneers, bid assistants, clerks, cashiers, and other persons hired by the Auctioneers to perform said auction.  This includes travel to facilitate turnover of machinery that is property of the estate.

7.	That the Auctioneers hereby agree to use their professional skill, knowledge, and experience to the best advantage of all Parties in preparing for and in the execution of the auction.    That the Auctioneers' fee for conducting said auction has been earned upon compliance with the bid on the subject property that has been sold to the last and highest bidder.

8.	That no item shall be sold or withdrawn from the sale prior to the auction except by mutual agreement between the Parties.

9.	That it is agreed the property shall be sold to the highest bidder either individually, in any combination, or as a whole, at the discretion of the Auctioneers.  That all bids will be final, and no raise of bid period will be allowed after the conclusion of the online auction.

10.	That the property is sold "AS IS, WHERE IS" with all faults and without warranty of any kind.  The Trustee agrees to hold harmless the Auctioneers against any claims of any nature. The Auctioneers shall be the Agent of the Trustee only and at no time during the transaction shall represent anyone other than the Trustee.

11.	That Trustee shall be responsible for its cost of the sale, which is: commission and advertising.

12.	That to the extent allowable under applicable law, the Auctioneers' commission and right to reimbursement for costs advanced are a lien on the property herein involved and may be enforced as though it were a statutory lien.

13.	That the Trustee covenants that he has good title or will have the right to sell the property subject to this agreement upon entry of an order approving this agreement by the United States Bankruptcy Court, Western District of North Carolina.  The Trustee further acknowledges that the property shall be sold free and clear of all liens and encumbrances.

14.	That should there be lien holders, whether individuals or institutions, the Auctioneers have the permission to communicate with said lien holders.  This communication is in purpose intended for the best and common interest of all parties concerned. Additionally, any and all liens shall be paid at time of settlement with the Trustee or shall attach to the proceeds of the sale.

15.	That the Parties acknowledge the auction method is unsure and that while many items may sell for higher prices than expected, others may sell for a lesser price.

16.      That the Auctioneers shall have the right to charge a Buyer's Premium of FIFTEEN PERCENT (15%) on all personal property purchases, which shall be the property of the Auctioneers.

17.      That the technology we will use to broadcast the property over the internet has the opportunity from time to time to have technological challenges and difficulties, of which we have no control; therefore, we as agents and principals are not liable for any technical deficiencies that may arrive throughout the marketing and sales implementation of this asset using the internet.  That the Auctioneers reserve the right to extend the auction closing times if there is an interruption of technology services.

18.      That the Auctioneers shall deliver to the Trustee an unaudited sale report within seven days upon the completion of the auction.  The Auctioneers shall deliver the full auction settlement report to the Trustee within 30 business days after the auction.  Disbursement of net proceeds of sale shall be to the Trustee or its assigns and occur upon receipt of the executed auction settlement report.

19.      That this document is subject to the approval of the United States Bankruptcy Court, Western District of North Carolina and shall be interpreted in accordance with the laws of the State of North Carolina and the United States Bankruptcy Code.  The United States Bankruptcy Court, Western District of North Carolina, shall hear any and all cause of action that may arise from this agreement.

20.      That the Auctioneers carry an Umbrella Insurance Policy in the amount of $3,000,000.00 to cover any loss and/or liability associated with our auction services.  In addition to insurance, Auctioneers maintain a valid bankruptcy bond for the United States Bankruptcy Court, Western District of North Carolina.

        IN TESTIMONY WHEREOF, the Parties have caused this Auction Marketing Agreement to be signed the day and year first above written.

WITNESS:                                          US BANKRUPTCY TRUSTEE FOR
                                                  CHARLES EVAN SELMAN


                                                  BY: _____(SEAL)
                                                  MELANIE J. RAUBACH



                                                  IRON HORSE AUCTION CO., INC.:


                                                  BY: _____(SEAL)
                                                  WILLIAM B. LILLY, JR., CEO

## UNITED STATES BANKRUPTCY COURT
## WESTERN DIVISION OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-30194 |
| **Charles Evan Selman.** | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, copies of the *MOTION FOR APPROVAL OF AUCTION MARKETING AGREEMENT AND TO SELL FREE AND CLEAR OF ANY INTERESTS IN PROPERTY* were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case and by depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed, (i) to the addresses on the list that follows and (ii) the addresses shown on Exhibit A, attached hereto and incorporated by reference:

Shelley K. Abel
US Bankruptcy Administrator
*VIA ELECTRONIC CASE FILING*

Jeffrey G. Dalrymple
*Counsel for Debtor*
*VIA ELECTRONIC CASE FILING*

Charles Evan Selman
4318 Sunrise Drive
Kannapolis, NC 28083
*Debtor*
*VIA U.S. MAIL*

Iron Horse Auction Company, Inc.
William B. Lilly Jr.
PO Box 1267
Rockingham, NC  28380
*VIA U.S. MAIL*

Lendmark Financial
692 Howe Ave
Cuyahoga Falls, OH  44221
*VIA U.S. MAIL*

Lendmark Financial Services, LLC
c/o CT Corporation System,
Registered agent
160 Mine Lake Ct Ste 200
Raleigh, NC 27615-6417
*VIA U.S. MAIL*

Lendmark Financial Services, LLC
Attn: Lisa Paris
2118 Usher Street NW
Covington, GA 30014
*VIA U.S. MAIL*

Lendmark Financial Services, LLC
Attn: Kristel Strickland
Bankruptcy Specialist
2118 Usher Street NW
Covington, GA 30014
*VIA U.S. MAIL*

[Signatures on following page]

1

Dated: Charlotte, North Carolina
       June 23, 2025

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 344-1117
Facsimile:  (704) 344-1483
mraubach@lawhssm.com

2

**EXHIBIT A**

4900-8462-1903, v. 1

Label Matrix for local noticing
0419-3
Case 25-30194
Western District of North Carolina
Charlotte
Fri Jun 20 15:26:55 EDT 2025

The Huntington National Bank
c/o James S. Livermon, III
555 Fayetteville St., Ste. 1100
Raleigh, NC 27601-3034

Charlotte Division
401 West Trade Street
Charlotte, NC 28202-1633

1st Source Bank
100 N Michigan St Ste B
South Bend, IN 46601-1600

(p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN
PO BOX 183853
ARLINGTON TX 76096-3853

American Education Services
Payment Center
Harrisburg, PA 17130-0001

Bank of the West
180 Montgomery St
San Francisco, CA 94104-4297

Citi Cards
Processing Center
PO Box 6403
Sioux Falls, SD 57117-6403

Citibank N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Dedicated Financial GBC
4000 Lexington Ave North, Ste 125
Saint Paul, MN 55126-3153

FC Marketplace, LLC
c/o Becket and Lee LLP
PO Box 3002
Malvern PA 19355-0702

Falcon Equipment
1535 Fullenwider Rd
Gainesville, GA 30507-8452

First Citizens
5008 Forbes Drive
Charlotte, NC 28277-8120

Flagstar Bank
PO Box 1606
Troy, MI 48099-1606

Funding Circle USA
PO Box 206536
Dallas, TX 75320-6536

GM Financial
801 Cherry Street, Ste 3500
Fort Worth, TX 76102-6854

Huntington National Bank
Attn: Bankruptcy Department
P.O. Box 894
Cleveland, OH 44101-6424

Internal Revenue Service
Bankruptcy Section
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

Kapitus Business Loan
120 W 45th St
New York, NY 10036-4195

Lendmark Financial
692 Howe Ave
Cuyahoga Falls, OH 44221-5157

(p)LENDMARK FINANCIAL SERVICES
2118 USHER ST
COVINGTON GA 30014-2434

LocalEdge
PO Box 9167
Des Moines, IA 50306-9167

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

MOHELA
PO BOX 9640
Wilkes-Barre, PA 18773-9640

Midland States
1201 Network Centre Drive
Effingham, IL 62401-4677

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Navient
PO Box 9500
Wilkes Barre, PA 18773-9500

(p)NAVITAS CREDIT CORP
ATTN JOYCE MCKULKA
201 EXECUTIVE CENTER DR SUITE 100
COLUMBIA SC 29210-8410

Navy FCU
PO Box 3700
Merrifield, VA 22119-3700

Navy Federal Credit Union
c/o Weltman, Weinberg & Reis Co. LPA
Aiyanna Kehoe
Agent for Creditor
5990 West Creek Rd Suite 200
Independence, OH 44131-2191

Nelnet
3015 Parker Road
Aurora, CO 80014-2904

North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

PHEAA
1200 North Seventh Street
Harrisburg, PA 17102-1444

(p)QUALITY LEASING CO   INC
9830 BAUER DRIVE
CARMEL IN 46280-1972

Ready Capital
200 Connell Drive, Ste 4000
Berkeley Heights, NJ 07922-2829

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

Truist Bank
PO Box 819
Wilson, NC 27894-0819

Truist Bank, Support Services
PO Box 85092
Richmond, VA 23285-5092

U.S. Bankruptcy Administrator Office
401 W. Trade Street
Suite 2400
Charlotte, NC 28202-1633

US Department of Education c/o Nelnet
121 South 13th Street
Lincoln, NE 68508-1904

Wells Fargo Vendor Financial Services, LLC
800 Walnut Street MAC F0006-052
Des Moines, IA 50309-3891

Wells Fargo Vendor Financial Srvs, LLC
PO Box 105743
Atlanta, GA 30348-5743

Charles Evan Selman
4318 Sunrise Drive
Kannapolis, NC 28083-8671

Jeffrey G. Dalrymple P.A.
Jeffrey G. Dalrymple, PA
2435 Plantation Center Drive
Suite 205
Matthews, NC 28105-5404

Melanie Raubach
Hamilton Stephens Steele and Martin, PLL
525 N. Tryon St.
Ste. 1400
Charlotte, NC 28202-0215

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AmeriCredit Financial Services, Inc.
dba GM Financial
PO Box 183853
Arlington, TX 76096

Lendmark Financial Services LLC
2118 Usher Street
Covington, GA 30014

M&T Bank
PO Box 767
Baltimore, MD 21264-2146

Mohela/Department of Education
633 Spirit Dr
Chesterfield, MO 63005

Navitas Credit Corp.
201 Executive Center Dr., Ste 100
Columbia, SC 29210

Quality Leasing Co, Inc
9830 Bauer Drive
Indianapolis, IN 46280

Small Business Administration
Office of General Counsel
312 North Spring Street, 5th Floor
Los Angeles, CA 90012

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)First Citizens Bank & Trust Company

(u)Iron Horse Auction Company, Inc.

(u)Chris M. Lickliter

(d)North Carolina Department of Revenue
Bankruptcy Unit
PO Box 1168
Raleigh, NC 27602-1168

End of Label Matrix
Mailable recipients      45
Bypassed recipients       4
Total                    49