FILED & JUDGMENT ENTERED

Christine F. Winchester

July 18 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Ashley A. Edwards*
Ashley Austin Edwards
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DIVISION OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re:                                                    )
                                                          )          Case No. 25-30194
**Charles Evan Selman.**                                  )
                                                          )          Chapter 7
                    Debtor.                               )
                                                          )
_____                  )

### ORDER APPROVING MOTION FOR APPROVAL OF
### AUCTION MARKETING AGREEMENT AND TO
### SELL FREE AND CLEAR OF ANY INTERESTS IN PROPERTY

This matter is before the Court on the *Motion for Approval of Auction Marketing Agreement and to Sell Free and Clear of any Interest in Property* (the "Motion"). For the reasons set forth below, the Court finds, concludes, and orders as follows:

1.      Through the Motion, the Trustee seeks to sell the Debtor's 2025 Derette V 1000 Mini Skidsteer (the "Asset").

2.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Service and notice of the Motion was proper. No party filed an objection to the Motion.

4.      "In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test." 3 COLLIER ON BANKRUPTCY ¶ 363.02 (16th 2019). Courts look to various factors to determine whether a sound business justification exists, including: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d)

whether adequate and reasonable notice is provided. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test); *accord In re Abbots Dairies of Pa., Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification test of *In re Lionel Corp.* standard and adding the "good faith" requirement); *In re Charlotte Commercial Group, Inc.*, 2002 WL 31055241, *3 (Bankr. M.D.N.C. Aug. 12, 2002) (unreported decision by Judge Aron adopting *Lionel* in the Middle District of North Carolina).

5.      A sound business reason exists for the proposed sale in that this is a Chapter 7 bankruptcy requiring liquidation of the estate's Asset.  Selling the Asset pursuant to the Auction Marketing Agreement also ensures the fastest means to eliminate ongoing administrative costs. Iron Horse is experienced and well equipped to handle a sale of the Asset.

6.      With respect to the scheduled "secured" claim by Lendmark Financial ("Lendmark"), the Trustee has noted that Lendmark failed to file a UCC-1 financing statement to perfect any interest it may have held in the Asset.  As such, the Trustee has argued that the Debtor owned the Asset free and clear of any liens as of the Petition Date.

7.      Lendmark failed to respond to the allegations of the Motion and filed no objection to the relief requested.

8.      The public auction of the Asset will ensure that the sale will be conducted in a fair, open, and competitive manner, and on a level playing field.  Any resulting transactions are in good faith and at arm's length.  Accordingly, any party submitting the prevailing bid on the Asset shall be considered to have acted in good faith and is entitled to the protections of section 363(m) of the Bankruptcy Code.

9.      Relief from the automatic stay of Bankruptcy Rule 6004(h) is warranted so that this beneficial sale may proceed as quickly as possible thereby reducing administrative costs.

10.     Accordingly, the Auction Marketing Agreement is approved in full, and the Motion is approved such that the Asset may be sold on the terms set forth in this Order.  Such sales shall be free and clear of liens, claims, interests, and encumbrances with any liens, claims, interests, and encumbrances attaching to the proceeds of the sale.

**IT OS SO ORDERED**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |